UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> A LEWIS ENTERPRISES, INC., D/B/A A STEP ABOVE ELEVATOR, et al, <br><br> Defendants. | No.  2:19-mc-0138 WBS DB <br><br><br> ORDER |

      A judgment debtor examination of debtor Lindsey A. Lewis is set in this action for August 7, 2020, before the undersigned.  (ECF No. 23.)  Given the current public health crisis and General Order Number 618 staff for the undersigned contacted counsel for the judgment creditor to discuss continuing the August 7, 2020 judgment debtor examination for either an in-person or videoconference judgment debtor examination.  On July 24, 2020, counsel for the judgment creditor filed a request for a videoconference judgment debtor examination.  (ECF No. 27.)

      The request sets forth a number of proposed rules that the judgment debtor examination would be subject to.  Those rules include such requirements as the judgment debtor "will ensure that no other members of their household are using the internet."  (Id. at 5.)  That if the parties are forced to use a phone connection because the video connection fails and the phone connection

then fails "the deposition will automatically be continued until the next day when the Court is available[.]" (Id. at 6.) That if the deposition cannot continue due to background noise or interruptions, "the party who has failed to attend from a private and quiet locations bears the costs associated with continuing." (Id.)

The undersigned proposed the potential for a judgment debtor examination by videoconference in an effort to allow, where appropriate, those judgment debtor examinations that can be conducted via videoconference to do so without further delay. While parties may stipulate to terms and conditions to reach an agreement on a judgment debtor examination via videoconference, the undersigned will not unilaterally impose rules. Ultimately, if the judgement creditor wishes to proceed with a judgment debtor examination via videoconference without the consent of the judgment debtor, the judgment creditor will bear the burden of arranging the examination and the risk if it is unsuccessful. Otherwise, the judgment creditor may wait to pursue an in-person judgment debtor examination when the court is available for such examinations.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 7, 2020 judgment debtor examination is continued to November 6, 2020, at 9:30 am, in Courtroom No. 27;

2. The July 24, 2020 request for a remote deposition (ECF No. 27) is denied without prejudice to renewal; and

3. Within twenty-one days of the date of this order counsel for the judgment creditor shall serve a copy of this order on the judgment debtor and file proof of such service.

Dated:  July 30, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\trustees0138.vid.jde.den.ord